45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronni CRAIG, Plaintiff-Appellant,
v.
COMPAGNIE NATIONALE AIR FRANCE, Defendant-Appellee.
 No. 93-55263.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1994.*
Decided Dec. 21, 1994.
 
 1
 Before: FEINBERG,** SCHROEDER and KOZINSKI, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiff Ronni Craig appeals from a December 1992 order of the United States District Court for the Central District of California, granting defendant Compagnie Nationale Air France (Air France) summary judgment in plaintiff's suit for damages based on an injury she suffered aboard an Air France international flight in May 1990. For reasons given below, we affirm the judgment of the district court.
 
 I. Facts and Prior Proceedings
 
 4
 Plaintiff injured herself while en route from Los Angeles to Paris. At the time, she was attempting to return to her seat, the middle seat in a row of three, without awakening her neighbor in the aisle seat. The flight was a normal, routine flight with no reports of turbulence or other unusual or unexpected occurrences associated with the operation of the aircraft. According to the uncontroverted facts as stated by the district court, the cabin was dark when Craig tried to return to her seat. Craig did not attempt to awaken the man in the aisle seat; nor did she ask a crew member for assistance or turn on the overhead reading lights. She placed her hands on the back of the seat in front of her aisle neighbor and tried to maneuver her legs over his legs and onto the floor in front of her seat. However, when her left foot landed and her hands let go of the seat back she was using for support, she fell because of an object that was on the floor in front of her seat. Later, Craig saw a pair of men's shoes on the floor where she had fallen, and she claims that this was the object on which her foot had landed. Craig alleges that as a result of this fall she suffered injury to her left leg requiring arthroscopic surgery to remove a torn ligament.
 
 
 5
 In May 1991, Craig filed suit in California Superior Court against both Air France and the estate of Harry Hill (the now-deceased aisle-seat passenger who, Craig alleges, had placed his shoes on the floor between his seat and hers). Air France removed this suit to federal district court, as permitted under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. Sec. 1603 and 28 U.S.C. Sec. 1441(d).
 
 
 6
 The parties agreed that the Warsaw Convention governed Craig's suit against Air France. Specifically, Article 17 of the Convention establishes air carrier liability for "the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking" (emphasis supplied). The Convention itself does not define the term "accident." The district court relied on the definition articulated by the Supreme Court in Air France v. Saks, according to which "liability under Article 17 of the Warsaw Convention arises only if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger." 470 U.S. 392, 405 (1985).
 
 
 7
 Applying the Saks definition to the facts of this case as alleged by Craig, the district court held that Craig's injury was not caused by an "accident" within the meaning of Article 17. The court stated that "[w]hen travelling on an international flight, one would expect to find books, shoes, briefcases and other items on the floor in front of, underneath and around the seats." Therefore, the court held, "Even if the finder of fact determined that plaintiff tripped on another passenger's shoes, the fact that shoes were between two seats would not be an unusual, unexpected or unintended event...." Accordingly, the court concluded that the incident did not "qualify, as a matter of law, as an 'accident' " that caused Craig's injury. The court granted summary judgment for defendant Air France. As there was no independent basis for federal jurisdiction over the claim against the estate of Hill, the court later dismissed Craig's suit as to that defendant under 28 U.S.C. Sec. 1367(c)(3), apparently without prejudice to refiling the claim in state court. This appeal followed.
 
 II. Discussion
 
 8
 We review the court's summary judgment order de novo. Morton v. De Oliveira, 984 F.2d 289, 290 (9th Cir.), cert. denied, 114 S.Ct. 289 (1993). Craig offers two arguments on appeal. First, reading the district court's opinion as requiring that an accident involve operation of the aircraft in order to qualify as an Article 17 accident, Craig claims that such a requirement is unfounded. Second, Craig argues that the district court erred in finding the events that caused her accident to be not unexpected or unusual.
 
 A. Scope of Article 17
 
 9
 The parties devote much of their briefs to the question whether the district court erred in requiring that an "accident" under Article 17 must be related to operation of the aircraft. As we read the district court's opinion, however, it found no such requirement. Rather, the court held as a matter of law that the placement of objects on the floor of an aircraft during an international flight is an ordinary, expected event. Even assuming, as Craig argues, that an Article 17 accident need not be related to operation of the aircraft, the court would not have reached a different result.
 
 
 10
 As discussed below, reviewing the district court's conclusion de novo, we would reach the same result. Therefore, we need not decide whether the term "accident ... on board the aircraft" in Article 17 refers exclusively to accidents involving operation of the aircraft.
 
 
 11
 B. "Unexpected or Unusual Event"
 
 
 12
 The district court's conclusion that the incident involving Craig did not qualify as an Article 17 accident was based on the factual record. The court assumed, as it had to on a motion for summary judgment, that what Craig alleged was so, that is, that fellow passenger Hill's shoes caused Craig to fall, and that the fall caused Craig's injury. Notwithstanding these assumed facts, the court held that it is not unexpected or unusual to find shoes on the floor between seats on an international flight.
 
 
 13
 Craig asserts that slipping on her neighbor's shoes was unexpected. While this assertion is undoubtedly true, it improperly applies the word "unexpected" to the injury rather than to the cause of the injury. The term "unexpected" as used in Saks modifies the event that causes injury; such an event is an "accident." 470 U.S. at 400. Craig's use of the term "unexpected" would expand the scope of liability under Article 17 of the Warsaw Convention to encompass any misfortune that befalls an airplane passenger. According to the Supreme Court in Saks, this is plainly what the Convention drafters sought to avoid. In interpreting the records of the Convention negotiations, the Court noted: "A passenger's injury must be caused by an accident, and an accident must mean something different than an 'occurrence' on the plane." Id. at 403. The more general term "occurrence," by contrast, was intended to define the events that would establish liability for damage to baggage under Article 18. Id. at 402.
 
 
 14
 While the district court held as a matter of law that the presence of shoes on the cabin floor was neither unexpected nor unusual, we affirm on a slightly different theory. It was plaintiff's burden to demonstrate that the presence of shoes on the floor between two seats was an unexpected or unusual event. In response to defendant's motion for summary judgment, the only evidence plaintiff offered to that effect was her declaration in which she stated her understanding, based on past experience, that shoes are supposed to be stowed underneath seats or in overhead compartments and her surprise that in this particular instance they were not. Plaintiff did not submit or point to any evidence (such as an affidavit from a flight attendant) that finding shoes on the floor between two seats was unusual or unexpected. Nor did plaintiff ask for a trial or further discovery to establish anything more than her own declaration. Indeed, at the December 1992 hearing on summary judgment, plaintiff's counsel said, "I think there is enough information here to make a ruling to deny the defendant's motion for summary judgment...." And in her brief to us, she states that summary judgment in her favor is appropriate.
 
 
 15
 Under the circumstances, Craig's declaration was the only evidence purporting to show that the presence of shoes on the cabin floor was unexpected or unusual, which was the key element that plaintiff had to prove to show that an "accident" caused her injury.
 
 
 16
 It is true that in her declaration Craig claims that she believed that the patch of floor on which she was stepping was unobstructed, and that the presence of shoes there was--to her--an unexpected event. While these assertions may be true, her belief is not controlling. On this record, we hold that on a motion for summary judgment, absent a proffer by plaintiff of further supporting evidence, the court could conclude that the presence of shoes was not an unexpected event.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3